ELMER ANTILL v. WARREN POTTER and Another.[1]

July 2, 1897.

Nos. 10,545—(207).

Evidence—Best and Secondary—Survey of Logs.
 The issue herein was as to the number of feet in a certain lot of logs sold and delivered by plaintiff to defendants. The logs were in fact surveyed by a deputy surveyor general, but his report thereof was not approved or recorded by the surveyor general. *Held*, that it was competent to prove by the deputy the fact that he made the survey, and the result thereof.

Appeal by defendants from an order of the district court for Aitkin county, Holland, J., denying their motion for a new trial after a verdict for plaintiff. Affirmed.

*Choate & Merrill*, for appellants.

*McClenahan & Mantor*, for respondent.

START, C. J.

Action to recover the purchase price of certain logs sold and delivered by the plaintiff to the defendants. Upon the trial the only controversy between the parties was as to the number of feet of

[1] Reported in 71 N. W. 935.

logs delivered, and, by agreement, this special question was submitted to the jury, who found the number to be 629,260 feet. The defendants appeal from an order denying their motion for a new trial.

The defendants' first and only important assignment of error is that the trial court erred in overruling their objection to the question to the plaintiff's witness who had scaled the logs, as to the number of feet his scale showed. The objections to the question were, in effect, that, if the scale referred to was that of the surveyor general of logs made by the deputy, then the original scale bill or a certified copy thereof was the best evidence of the scale; but, if it was not the scale of the surveyor general, then it was not admissible in evidence for any purpose.

It is necessary, to an intelligent consideration of these objections, to state somewhat in detail the facts in this case. The contract for the sale and delivery of the logs did not provide for a scale by the surveyor general or his deputy. The defendants requested the witness Stanchfield, who was a deputy surveyor general, to go and scale the logs. He proceeded to do so without objection from the plaintiff, and, as he made the scale, he gave the plaintiff a slip for each scale that he made, which was satisfactory to the plaintiff. Upon being called as a witness for the plaintiff, he testified that he scaled the logs in question; that he was then a deputy surveyor, and that he was sent by the surveyor general to scale the logs; that he made memoranda which were correct statements of the scale made by him, and, by referring to the memoranda to refresh his recollection, he could give the marks and number of feet of the logs scaled. Thereupon the plaintiff asked him the following questions:

"Q. (handing witness paper). Refreshing your memory from that memorandum, Mr. Stanchfield, please state the mark that was upon those logs. A. U X X T. Q. That is the only mark, isn't it? A.
X
Yes, sir; that is the stamp mark, T.
X
Q. By whom were those logs landed? A. Mr. Antill. Q. The plaintiff in this action? A. Yes, sir. Q. How many feet board measure did your scale show that his logs, marked as you have in-

dicated, contained,—that is, the logs marked U X X T, and stamped
X
  T?"
X

The last question is the one to which the defendants objected, as
already stated.    The objection was overruled, and the witness an-
swered, giving the number of the logs and feet therein as scaled by
him.    It appeared from the cross-examination of the witness that
he turned the reports of his scale of these logs in to the office of the
surveyor general, and that the latter made objections to the scale,
and the fair inference from the defendants' evidence is that Stanch-
field's scale was never recorded in the office of the surveyor general.
The defendants allege in their answer that they received from the
plaintiff 471,939 feet of logs, of which 108,099 feet were not scaled
by the surveyor general.

The defendants rely in support of their objections to the testi-
mony of Stanchfield upon the statutory provisions in regard to the
survey of logs and lumber, and particularly upon section 2406, G. S.
1894, which provides:

"That no logs shall be scaled by the surveyor general or his dep-
uties, unless the marks upon the said logs are properly recorded, in
accordance with the provisions of this title; and no survey of any
logs shall be received in any court in this state except the survey
of the surveyor general or his deputy."

It is not necessary to a decision of this case to determine whether
or not the construction of this statute claimed for it by the defend-
ants is correct, which is to the effect that, where there is a contro-
versy between parties as to the number of feet of logs in a given
case. no evidence can be received of any other survey except that of
the surveyor general or his deputy.    This section of the statute
must be read in connection with the other sections of the chapter
of which it is a part.    The original of chapter 32, G. S. 1894, pro-
viding for the survey of logs and lumber, was chapter 16, Laws 1854.
Section 2406, here in question, was not a part of the act of 1854, but
section 2397, G. S. 1894, was, so far as here material, except that
there was no provision declaring the original scale bill and the rec-
ord thereof to be prima facie evidence of the facts therein stated.

See Laws 1854, c. 16, § 7. In 1858, chapter 16, Laws 1854, was amended and re-enacted. Laws 1858, c. 80. Section 15 of sub-chapter 2 of the last-named act is the original of section 2406, G. S. 1894. No change was made by this act in section 7 of chapter 16, Laws 1854. These sections appear in the Public Statutes as sections 24 and 38, respectively, of chapter 122. The provision making the scale bill and the record thereof prima facie evidence first appears in section 1, c. 74, Laws 1862, amending P. S. 1858, c. 122, § 24. If there was any inconsistency between this last statute and P. S. 1858, c. 122, § 38 (the original of section 2406, G. S. 1894), the former then repealed the latter pro tanto. Section 24, c. 122, P. S., as amended (the original of section 2397, G. S. 1894), and section 38, c. 122, P. S., became sections 11 and 20, respectively, of chapter 32, G. S. 1866 (sections 2397 and 2406, G. S. 1894).

Now, to determine the meaning of the word "survey," as used in the prohibition contained in section 2406, to the effect that no survey of any logs except the survey of the surveyor general or his deputy shall be received in any court, reference must be had to section 2397, which, so far as here material, was in force when the former section was first enacted. If we read section 2397, it is manifest that a survey by the surveyor general or his deputy does not mean the scale bill, or the record thereof, or any other written document or record, but that it means the act of counting and measuring the logs, and ascertaining how many feet they contain. Section 2397 makes it the duty of the surveyor general or his deputy, at the request of the owner of any logs, to survey such logs, and, upon completing such survey, to make out a true and correct scale bill thereof, stating the number of the logs and feet therein contained. Such being the meaning of the word "survey" as used in the statute, it necessarily follows that section 2406 cannot be construed as making the surveyor's scale bill, or a record thereof, the only evidence of the result of a survey.

Conceding, then, without so deciding, that, by reason of the prohibition contained in section 2406, the fact that a survey of logs was made, and the result thereof, cannot be received in evidence unless the survey was made by the surveyor or his deputy, still the evidence of the witness Stanchfield as to the survey made by him and its

result was properly received, for he made the survey as a deputy surveyor at the request of the defendants, and by direction of the surveyor general. The fact that his reports of the survey to the surveyor general were not approved and recorded afforded no reason for excluding his testimony, for, at most, the fact would affect the credit to be given to his evidence,—a question for the jury. The fact to be proven in this case was the number of feet in the logs in question, and it was competent to receive the testimony of the deputy who actually counted and measured the logs—that is, surveyed them—as to the number of feet they in fact contained. This was not secondary evidence, but the original source of information. **The** record of this survey by the deputy, if it had been recorded, would be neither the exclusive nor the conclusive evidence of the survey, and the result thereof. G. S. 1894, § 2397.

It was not error to sustain the objection to the question, "Was it more than one man should have had to do in scaling these logs?" which was asked of Stanchfield on cross-examination. It was too indefinite. If the object of the question was to elicit the fact that the work assigned to him was more than he could do accurately, the question should have been framed accordingly.

It was not competent for the witness Douglas to give an opinion, not based on measurements, that the scale of Stanchfield was much too large.

Order affirmed.